1  **KAUFMAN DOLOWICH LLP**
   Tad Devlin (SBN 190355)
2  Angela Killian (SBN 346212)
   Irene Liu (SBN 356124)
3  425 California Street, Suite 2100
   San Francisco, California 94104
4  Telephone: (415) 926-7600
   Facsimile: (415) 926-7601
5  Emails: tdevlin@kaufmandolowich.com
   Angela.killian@kaufmandolowich.com
6  Irene.liu@kaufmandolowich.com

7  Attorneys for Plaintiff
   JOHN DOE, a Minor, by and Through His Parent
8  and Next Friend of, JANE DOE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a Minor, by and Through His Parent and Next Friend of, JANE DOE<br><br>Plaintiffs,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, PALO ALTO HIGH SCHOOL, BRENT KLINE, JERRY BERKSON, and DON AUSTIN,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 Violation of Due Process<br>2. 42 U.S.C. § 1983 Violation of First Amendment Right to Freedom of Expression<br>3. Violation of California Code, Education Code § 49070<br>4. Negligence<br>5. Negligent Infliction of Emotional Distress<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JOHN DOE ("Doe"), a Minor, by and Through His Parent and Next Friend of, by and through his attorneys, for its Complaint against Defendants, Palo Alto Unified School District ("PAUSD"), Palo Alto High School ("PALY"), Brent Kline, Jerry Berkson, and Don Austin, states as follows:

## **INTRODUCTION**

1. Plaintiff, JOHN DOE, a Minor, by and Through His Parent and Next Friend of, by and through his attorneys, bring this action against Defendants Palo Alto Unified School District ("PAUSD"), Palo Alto High School ("PALY"), Brent Kline, Jerry Berkson, and Don Austin. Plaintiff is a minor under the age of eighteen, and is using a pseudonym out of fear of harassment and retaliation by school administrators and his peers, as well as his safety.

2. This case arises from the subsequent investigation and removal of Plaintiff from PALY after he brought a Title IX Complaint to PALY administrators.

3. The Due Process Clause under the Fourteenth Amendment protects the procedural and substantive due process of all persons. Under the Due Process Clause, the Constitution guarantees that no persons will be "deprived of life, liberty, or property without due process of law." Pursuant to 42 U.S.C. § 1983, persons who have been subjected to the deprivation of such rights, privileges, and immunities secured by the Constitution and its laws, shall be liable in an action at law, suit in equity, or other proper proceeding for redress.

4. The First Amendment guarantees freedom of expression, which includes the right to freedom of speech. Public schools may not censor student speech unless there is a showing that the conduct would "materially and substantially interfere" with the educational process. *Tinker v. Des Moines Independent Community School District* 393 U.S. 503, 509 (1969).

5. Title IX of the Education Amendments Act of 1972 ("Title IX") prohibits discrimination on the basis of sex in education programs and activities, which include sexual harassment.

6. Plaintiff challenges Defendants' actions as a violation against Plaintiff's right to: (1) Due Process pursuant to 42 U.S.C. § 1983, and (2) Free Speech pursuant to 42 U.S.C. § 1983. Plaintiff also brings a cause of action against Defendants' actions for violation of California Code, Education Code § 49070, Negligence, and Negligent Infliction of Emotional Distress. Plaintiffs seek specific performance, monetary damages, and other relief as this Court deems just and proper.

**PARTIES**

7. At all relevant times alleged herein, Plaintiff JOHN DOE ("Plaintiff") was a California citizen, resident of the County of Santa Clara, State of California, and a minor student.

8. At the time of the incidents giving rise to the action, JANE DOE was a California citizen, resident of the County of Santa Clara, State of California.

9. At all relevant times mentioned herein, Defendant PALO ALTO UNIFIED SCHOOL DISTRICT ("PAUSD") and Defendant Palo Alto High School ("PALY") was a "public entity" within the meaning of Cal. Gov. Code § 811.2.

10. Plaintiff is informed and believes and, on that basis, alleges that Defendants, and each of them, were and are legally responsible for the acts, omissions, and occurrences causing Plaintiff's damages as hereinafter alleged.  Plaintiff is informed and believes, and on that basis, that each of the Defendants are legally responsible in some manner for the occurrences herein alleged, and that the injuries as alleged herein were proximately and legally caused by the acts and/or omissions of Defendants.

11. Plaintiff alleges that Defendant BRENT KLINE, JERRY BERKSON, and DON AUSTIN at all relevant times were employees or agents of PAUSD and PALY acting in the scope and course of their employment pursuant to California Government Code § 815.2.

12. Plaintiff is suing the named individuals Defendants BRENT KLINE, JERRY BERKSON, and DON AUSTIN in their official capacity as employees or agents of PAUSD and PALY acting in the scope and course of their employment pursuant to California Government Code § 815.2.

**JURISDICTION AND VENUE**

13. This action is brought pursuant to 42 U.S.C. § 1983, the First and Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of California, which include but are not limited to the California Education Code and California common law. This Court has original jurisdiction over this matter pursuant to 28 U.S. Code § 1343 and Plaintiff asserts supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district pursuant to 28 U.S. Code § 1391.

**CALIFORNIA GOVERNMENT CLAIMS ACT**

On March 14, 2025, Plaintiff submitted a government claim form to PAUSD pursuant to Government Code § 911.2 for all of the causes of actions as alleged here. Prior to, Plaintiff submitted a Uniform Complaint Procedures form to PAUSD on October 16, 2023, and February 21, 2025.

## **FACTUAL ALLEGATIONS**

14. PALY is a public school in the State of California.

15. On or about May 16, 2022, Plaintiff and his friends attempted to file a Title IX Complaint to PALY wellness counselors due to another PALY student sending pornographic material.

16. On or about May 17, 2022, Defendant KLINE, a principal at PALY, summoned Plaintiff to his office to investigate the Title IX Complaint and to identify the perpetrator who sent the photos.

17. On or about May 17, 2022, Defendant KLINE questioned Plaintiff for about two-and-a-half hours.

18. During the questioning on or about May 17, 2022, Defendant KLINE denied Plaintiff food and water.

19. During the questioning on or about May 17, 2022, Plaintiff requested to record the conversation but was denied by Defendant KLINE. Plaintiff then requested a police officer to be present. A police officer was later summoned and spoke with Plaintiff for about twenty to thirty minutes.

20. The police officer summoned to the questioning on or about May 17, 2022, determined that Plaintiff did not have any evidence or knowledge of the perpetrator of the photos. After the police officer made his determination, Defendant KLINE continued to keep Plaintiff in his office and question Plaintiff.

21. During the questioning on or about May 17, 2022, Defendant KLINE brought out Plaintiff's past art assignment, which was a self-portrait that included five elements important to the student. Defendant KLINE retrieved the portrait and stated to the effect, "Now let us see if you are willing to cooperate and give us a name," after Plaintiff repeatedly stated that Plaintiff did not know the identity of the perpetrator who sent the photos.

22. The portrait included a bullet as one of the five elements, which Plaintiff drew as a reference

to Plaintiff's childhood memory of visiting a military manufacturing mill with his grandfather and learning about the manufacturing process. Defendant KLINE then asked questions about the self-portrait, which Plaintiff answered.

23. During the questioning on or about May 17, 2022, Defendant KLINE began to review Plaintiff's browsing history with Plaintiff's parents on the telephone, and offered to release Plaintiff back to class or to his parents afterwards.  Plaintiff's mother chose to pick up Plaintiff and Plaintiff was eventually released to his mother.

24. When Defendant KLINE released Plaintiff to his mother, Defendant KLINE took out Plaintiff's art assignment and stated his interpretation of Plaintiff's portrait and alleging that Plaintiff's inadvertent spill of white paint was "blood" and that a popular video game symbol within his portrait was "crosshairs."

25. On or about the evening of May 18, 2022, two police officers and a police counselor arrived at Plaintiff's home at the request of PALY administrators.

26. Plaintiff's parents then permitted the officers to search their home without a warrant. The officers and police counselor spoke with Plaintiff alone and disclosed that the issue that PALY raised was closed from their perspective and they did not find anything to note.

27. During the visit, the police counselor asked Plaintiff's father if Plaintiff's search history might be prompted by an identity crisis as a half Caucasian and half Asian child.

28. On or about May 19, 2022, Plaintiff was removed from class and Defendant KLINE called a meeting with Plaintiff's parents. With Defendant BERKSON in attendance, the Vice Principal of PALY, Defendant KLINE told Plaintiff's parents that Plaintiff was prohibited from attending school until Plaintiff explained his Wikipedia browsing history.

29. During the meeting on or about May 19, 2022, Defendant BERKSON stated that Plaintiff should take his grades after May 4, 2022, and remain home for the remainder of the school year. No specific basis was provided to support the banning of Plaintiff from attending school.

30. On or about May 20, 2022, Plaintiff attended a meeting with Defendant KLINE to discuss his Wikipedia browsing history. Jamie Fanciullo, was in attendance as well. Ms. Fanciullo was introduced as a psychiatrist.

31. Ms. Fanciullo is a psychologist.
32. At the meeting on or about May 20, 2022, Plaintiff's search history was revealed to be correlated with topics of research for Plaintiff's history class.
33. Ms. Fanciullo conducted a psychiatric assessment of Plaintiff at the meeting on or about May 20, 2022, without informing Plaintiff's parents nor obtaining their consent. The assessment was conducted in the presence of Defendant KLINE and Plaintiff's parents.
34. After the meeting, Defendant KLINE stated he wanted to have a "bigger team" evaluate Plaintiff before permitting Plaintiff to return to class.
35. On or about May 23, 2022, Plaintiff's parents spoke with Guillermo Lopez, the Director of Student Services and Support at the time, to re-instate Plaintiff in classes, as there was no specific basis supporting Plaintiff's removal. Mr. Lopez told Plaintiff's parents to keep Plaintiff at home for the remainder of the year and never returned a call to address the final determination of Plaintiff's status, despite several follow-up calls by Plaintiff's parents.
36. On or about May 24, 2022, Plaintiff's father received a call from Defendant BERKSON, who requested Plaintiff to remove Instagram posts circulating that the alleged perpetrator for the Title IX Complaint had no consequences, whilst the Plaintiff's home was searched by police. During the call, Defendant BERKSON stated that they heard an allegation that someone was going to bring a 3D-printed gun to school, but stated that the allegation was not specifically leveled at Plaintiff. Defendant BERKSON placed a follow up call later the same day to request Plaintiff to remove an Instagram post stating to the effect of, "the post is removed at the request of PALY."
37. Defendant BERKSON'S call on or about May 24, 2022, was the first time that Plaintiff's parents heard about the allegation by PALY administrators, and it was not specifically leveled at Plaintiff.
38. Plaintiff's father requested Defendant BERKSON for follow-up on details on finishing up classes, but no call was ever returned.
39. On or about May 25, 2022, Defendant BERKSON called Plaintiff's father and stated he saw Plaintiff "lurking" outside of the school fence and that "it was not a good look."

40. On or about the morning of June 16, 2022, Defendant BERKSON called Plaintiff's father after believing he may have seen Plaintiff on campus.

41. After the school year of 2021-2022 ended, Plaintiff was scheduled to lift and swim during the summer at PALY.

42. In the late afternoon on or about June 16, 2022, Defendant KLINE called Plaintiff's parents with Plaintiff in his office, and then summoned two summer school directors to remember Plaintiff's face, and to contact the police to arrest Plaintiff for trespassing if they ever saw Plaintiff on campus again.

43. Plaintiff did not attend his summer classes for lifting and swimming after the meeting on or about June 16, 2022, to avoid further confrontation by Defendants.

44. On June 17, 2022, Plaintiff was at home sleeping until 10:30 a.m. and was taught Algebra II by Plaintiff's mother.

45. On information and belief, on June 21, 2022, Officer Dun from the Palo Alto Police Department (PAPD) called Plaintiff's mother due to a complaint by PALY administrators. PALY administrators called the police on behalf of another PALY student's mother.

46. On information and belief, after a meeting between Plaintiff's parents and the other PALY student's mother, the student had made claims that Plaintiff was on campus with a knife and looking for the student on the morning of June 17, 2022. Plaintiff was at home asleep during the alleged time.

47. On information and belief, after a meeting between Plaintiff's parents and the other PALY student's mother, the student's mother confirmed that she reported to PALY about a call from two students, which included Plaintiff, but she did not mention anything about a 3D printed gun. Officer Dun asked Plaintiff's parents twice whether Plaintiff had access to a 3D printer and a 3D printed gun.

48. On information and belief, PALY only contacted the police about Plaintiff.

49. On information and belief, Plaintiff was present during the call that the mother was concerned about. The call was made by Plaintiff's former friend and Plaintiff had advised the former friend to not make the call.

50. After Plaintiff returned to school for Plaintiff's sophomore year, on information and belief, it is believed that Plaintiff's peers have been impersonating Plaintiff in anonymous communications and taunted Plaintiff that they planned to file complaints with PALY against Plaintiff on the grounds that Plaintiff framed the other PALY student in regards to the Title IX Complaint.

51. Due to the removal of Plaintiff from school on or about May 19, 2022, Plaintiff consequently lost all his personal items on school grounds, which included a $700 bicycle and a $75 yearbook.

52. Due to the fear of confrontation with Defendants, Plaintiff stopped attending his Swimming and Weight Training Program scheduled for Summer 2022.

53. After Plaintiff's removal from school on May 19, 2022, Plaintiff's grade in his Art Class was lowered from a B to a C.

54. Plaintiff's art grade report from Schoology on May 17, 2022, reflected a grade of B (83.91%).

55. Sue La Fetra was Plaintiff's instructor for Plaintiff's Art Class during the academic year of 2021-2022.

56. Plaintiff was removed from school for ten consecutive school days.

57. Plaintiff was not given a written notice of the specific offense committed by Plaintiff that caused Plaintiff's removal from school.

58. Plaintiff's student record contains a misleading and inaccurate statement of the incidents relating to Plaintiff's removal from classes by omitting pertinent contextual information and misstating the factual record.

59. Defendants never provided any alternative academic arrangements or opportunities for Plaintiff to continue his studies after his removal from classes.

60. Plaintiff and Plaintiff's mother regularly attend Therapy Sessions because of Defendants' actions and continue to suffer emotional distress from the actions of all Defendants.

## FIRST CAUSE OF ACTION

**Violation of Both Substantive and Procedural Due Process Rights pursuant to 42 U.S.C. § 1983 against Defendant PAUSD, Defendant PALY, Defendant KLINE, Defendant BERKSON, and Defendant AUSTIN.**

61. Plaintiff repeats, realleges, reaffirms and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

62. This action arises under 42 U.S.C. § 1983 of the Due Process Clause of the Fourteenth Amendment. The jurisdiction of this Court is founded on 28 U.S.C. § 1331.

63. At all times relevant to the Complaint, Defendant KLINE and Defendant BERKSON were employees and/or agents of PAUSD.

64. Defendant KLINE and Defendant BERKSON acted under the color of state law by using their authority to remove and enforce Plaintiff's continued removal from classes at PALY from May 19, 2022, until the beginning of the 2022-2023 academic year.

65. Defendant PAUSD and Defendant PALY are liable for the actions of Defendant KLINE and Defendant BERKSON, because Defendant PAUSD and Defendant PALY had actual knowledge of Plaintiff's removal from classes and underlying circumstances, yet they acquiesced the removal in violation of proper due process procedures pursuant to California Code, Education Code § 48900, 48900.5, 48911, and 48900.8.

66. While acting under the color of state law, all Defendants deprived Plaintiff of Plaintiff's procedural due process rights by removing Plaintiff from classes beginning May 19, 2022, until the remainder of the school year – effectively suspending Plaintiff – without proper notice and hearing prior to Plaintiff's exclusion from the educational process.

67. Defendants' removal of Plaintiff from classes beginning May 19, 2022, was in violation of California Code, Education Code § 48900.5, because on information and belief, there was no determination made that Plaintiff committed any act to justify Plaintiff's removal.

68. Because of the actions of Defendants, Plaintiff suffered harm as he was deprived of his right to participate fully in the educational process, right to be free from harassment, and deprived of an equal educational opportunity pursuant to California Code, Education Code § 201.

69. Defendants' actions to remove Plaintiff from classes at PALY and to prohibit Plaintiff's

presence from the campus in May 2022 until the next academic year was a substantial factor in causing Plaintiff's harm.

70. Defendant KLINE's actions as alleged in seeking removal of Plaintiff from school was malicious, reckless, and oppressive as they were made with the intent to coerce Plaintiff into providing a name in furtherance of the Title IX investigation.

71. Defendant KLINE, BERKSON, and AUSTIN's actions as alleged by acquiescing the removal of Plaintiff from school despite the objections of Plaintiff and Plaintiff's parents, and failure to address the lack of a supporting basis, was reckless and oppressive constituting a misuse of authority.

72. Plaintiff is entitled to recover damages from Defendants KLINE, BERKSON, and AUSTIN, in an amount sufficient to punish and deter similar conduct by them or others in the future.

## SECOND CAUSE OF ACTION

**Retaliation for Plaintiff's Exercise of Free Speech Rights pursuant to 42 U.S.C. § 1983 against Defendant PAUSD, Defendant PALY, Defendant KLINE, and Defendant BERKSON.**

73. Plaintiff repeats, realleges, reaffirms and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

74. This action arises under 42 U.S.C. § 1983 of the Due Process Clause of the Fourteenth Amendment. The jurisdiction of this Court is founded on 28 U.S.C. § 1331.

75. Defendants' subsequent investigation of Plaintiff and removal of Plaintiff from classes was prompted by Plaintiff's Title IX Complaint.

76. On information and belief, it is believed that Plaintiff's involvement in filing a Title IX Complaint was a substantial motivating reason for Defendants to investigate Plaintiff and the removal of Plaintiff from classes on May 19, 2022.

77. Defendant would not have investigated Plaintiff nor eventually removed Plaintiff from classes but for Plaintiff's Title IX Complaint and Plaintiff's inability to provide the name of the perpetrator relating to the Title IX Complaint on May 17, 2022.

78. Plaintiff was never aware nor informed of any potential concerns regarding Plaintiff's art assignment prior to May 17, 2022.

79. Plaintiff felt intimidated by Defendants' actions after Plaintiff attempted to report a Title IX Complaint.

80. Defendants' actions would chill a person of ordinary firmness from continuing to engage and participate in the legitimate process and protected speech of reporting a Title IX Complaint.

81. Defendant BERKSON requested Plaintiff twice to remove Plaintiff's Instagram posts, which were made from Plaintiff's personal Instagram account, where Plaintiff expressed feelings of frustration against Defendants' actions.

82. Plaintiff's Instagram posts that Defendant BERKSON sought to remove did not "materially disrupt classwork or involve substantial disorder." *Tinker v. Des Moines Independent Community School Dist.,* 393 U.S. 503 (1969).

83. Plaintiff felt compelled to obey Defendant BERKSON's request to remove Plaintiff's Instagram posts, and Plaintiff later edited and removed the Instagram posts in fear of adverse action by Defendants against Plaintiff.

84. On information and belief, Defendants' actions alleged were malicious and/or oppressive as they were made with the intent to silence Plaintiff from speaking negatively towards PALY and the school administration, and/or from raising further attention to Plaintiff's removal and investigation by PALY.

85. Plaintiff is entitled to recover damages from Defendants in an amount sufficient to punish and deter similar conduct by them or others in the future.

## THIRD CAUSE OF ACTION

**Violation of California Code, Education Code § 49070 against Defendant PAUSD, Defendant PALY, and Defendant AUSTIN.**

86. Plaintiff repeats, realleges, reaffirms and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

87. Pursuant to California Code, Education Code § 49070(a)(1) and California Code, Education Code § 49070(b)(1), Plaintiff alleges that Plaintiff's student record is inaccurate and misleading by selective inclusion of certain facts and omission of pertinent information.

88. Plaintiff was effectively removed from school akin to a suspension on May 19, 2022, as

Plaintiff was prohibited from being on campus.

89. Plaintiff and Plaintiff's parents did not agree to remove Plaintiff from school for the rest of the year.

90. Plaintiff did not agree to be removed from school for the rest of the school year.

91. Plaintiff's student record is inaccurate and misleading because the record necessarily infers that Plaintiff and/or Plaintiff's parents agreed to Plaintiff's absence and removal from school, by stating that "it was agreed upon that he should not come back to school for the rest of the year […]."

92. Plaintiff's student record is misleading because it omits the fact that PAPD and Ms. Fanciullo cleared Plaintiff in their threat assessment, where the case was deemed closed and that there was no threat or supporting evidence of a threat. By omission of this information, the record necessarily infers that the results of the threat assessment found cause for Plaintiff's removal from school.

93. Plaintiff's student record is misleading in its characterization of Plaintiff's web searches, by reducing the content of Plaintiff's searches to a generalization of "guns, active shooters, etc.[,]" despite discovering that Plaintiff's search history was related to current topics in Plaintiff's history class at the time.

94. Plaintiff's student record is misleading because the record omits the fact that the threat assessment was conducted pursuant to Defendant PALY and Defendant Kline's receipt of an allegation by a student, whereby the omission of this fact necessarily infers that Plaintiff's art and browsing history was the sole basis for initiating a threat assessment. The omission of the facts pertaining to Defendants' receipt of an allegation and the relevance of the Title IX investigation in Plaintiff's student record creates a misleading narrative of the supporting basis for Plaintiff's removal and investigation.

95. There was no finding that Plaintiff's presence posed a danger to any persons at the conclusion of Defendants' investigation causing Plaintiff's removal from school.

96. Plaintiff was not provided with proper notice of the grounds for his removal from school and was not afforded a fair opportunity to be heard, because Defendants failed to inform Plaintiff

and Plaintiff's parents of a reason supporting Plaintiff's removal. Consequently, Plaintiff and Plaintiff's parents were not afforded a fair opportunity to be heard to address or rebut Plaintiff's removal. Plaintiff and Plaintiff's parents never received written notice of Defendants' decision to remove Plaintiff from school.

97. Plaintiff's grade in Art Class was a B (83.61%) on May 17, 2022.

98. Plaintiff's student record is inaccurate, because Plaintiff's "B" grade in Art Class was later lowered from a "B" to a "C". This is inconsistent with Defendants' stipulation that Plaintiff "would receive the current grade(s) that he had for each class."

99. Plaintiff 's parents sent a written request to Defendant AUSTIN via electronic mail pursuant to California Education Code § 49070(a)(1) and § 49070(a)(5), to meet and to challenge the accuracy of Plaintiff's student record and meet within thirty days pursuant to § 49070(b)(1) on October 8, 2024.

100. Defendant AUSTIN never responded to the request by Plaintiff's parents.

101. Defendants' failure to respond to the request by Plaintiff's parents on October 8, 2024, pursuant to California Code, Education Code § 49070(b)(1), was made with a callous indifference to Plaintiff's rights.

102. Plaintiff is entitled to recover damages from Defendants in an amount sufficient to punish and deter similar conduct by them or others in the future.

**FOURTH CAUSE OF ACTION**

**Negligence as against Defendant PAUSD, Defendant PALY, Defendant KLINE, Defendant BERKSON, and Defendant AUSTIN.**

103. Plaintiff incorporates by repeats, realleges, reaffirms, and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

104. As alleged in the incorporated paragraphs, Defendants, as school officials and employees, have subjected Plaintiff to – all of which has unreasonably and substantially interfered with Plaintiff's ability to attend school and participate in the educational process, the legitimate process of reporting a Title IX Complaint, and the right to meet with the Superintendent or Superintendent's designee to seek correction and removal of any

information recorded in the Plaintiff's written records that Plaintiff's parent(s) allege to be inaccurate and misleading pursuant to California Code, Education Code § 49070.

105. Defendants owed Plaintiff a duty of care as Plaintiff was a student at PALY under their care.

106. Defendants failed to meet the duty of care owed to Plaintiff as they failed to adhere to proper procedures to protect Plaintiff's right to report a Title IX Complaint and participate in the educational process.

107. As a direct and proximate result of their conduct, Defendants unreasonably and substantially interfered with Plaintiff's ability to report a Title IX Complaint and participate in the educational process.

108. Defendants' failure to adhere to proper procedures to remove Plaintiff from classes and investigate Plaintiff's Title IX Complaint was a substantial factor causing harm to Plaintiff.

109. Defendants PAUSD and PALY's negligent hiring and supervision of individual Defendants was a substantial factor causing harm to Plaintiff.

110. As a result of Defendants' conduct, Plaintiff was deprived of his right to education and was subject to bullying and harassment by Defendants and peers at school.

111. As a direct and proximate result of Defendants' continuous and ongoing conduct, whereby they continue to refuse to correct Plaintiff's student record for accuracy, Plaintiff continues to suffer harm from the loss of his right to participate in the educational process and intimidation from Defendants.

## FIFTH CAUSE OF ACTION
**Negligent Infliction of Emotional Distress as against all Defendants.**

112. Plaintiff reincorporates by repeats, realleges, reaffirms, and incorporates herein by reference all prior paragraphs, as though fully set forth herein.

113. Defendants owed a duty of care to Plaintiff which arises out of a preexisting relationship as school officials and Plaintiff as a student.

114. Defendants owed a duty to Plaintiff as a direct victim.

115. Defendants were negligent in their conduct of handling the investigation of Plaintiff's Title IX Complaint, investigation of Plaintiff, and the eventual removal of Plaintiff from school.

116. Defendants breached their duty of care to Plaintiff due to their handling of Plaintiff's Title IX Complaint, investigation of Plaintiff, and the eventual removal of Plaintiff from school.

117. Plaintiff suffered serious emotional distress as a direct and proximate cause of Defendants' conduct.

118. Defendants' negligence was a substantial factor causing Plaintiff's serious emotional distress.

119. Plaintiff suffered and experienced fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame as a result of Defendants' negligent conduct.

120. Defendants' actions alleged were malicious and/or oppressive as they were made with the intent to harm and injure Plaintiff.  Plaintiff is entitled to recover damages from Defendants in an amount sufficient to punish and deter similar conduct by them or others in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages, direct, incidental, and consequential;
2. For attorney's fees and costs of suit incurred herein;
3. For compensatory damages and lost earnings;
4. An apology letter;
5. Specific Performance to amend Plaintiff's student record for factual accuracy; and
6. Such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiff hereby demands a trial by jury to the extent permitted by law.

| | | |
|---|---|---|
| 1 | DATED: May 15, 2025 | **KAUFMAN DOLOWICH LLP** |

_____
Tad A. Devlin
Angela Killian
Irene Liu
Attorneys for Plaintiff
JOHN DOE, a Minor, by and Through His Parent and Next Friend of, JANE DOE