UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-04202-SVK<br><br>**ORDER ON PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY AND FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 3 |

Plaintiff John Doe is a minor student, and Plaintiff Jane Doe is his parent. Dkt. 1 at caption, ¶¶ 7-9. The complaint in this case alleges constitutional violations, negligence and other claims arising from Defendants' investigation and removal of Plaintiff John Doe from Palo Alto High School after he brought a Title IX complaint to school administrators. *See generally* Dkt. 1. Together with the complaint, Plaintiffs filed the present motion to proceed under pseudonyms and for a protective order. Dkt. 3 (the "Motion"). In the Motion, both Plaintiffs seek permission to proceed pseudonymously in this case because Plaintiff John Doe is a minor and to prevent "further harassment and retaliation from school administrators and peers" *Id.* ¶ 3. For the following reasons, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART.**

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties"). However, unless the court orders otherwise, any court filing that contains the name of an individual known to be a minor may include only the minor's initials. Fed. R. Civ. P. 5.2(a). In addition, parties may "proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted).

1  Specifically, parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's

2  identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal

3  embarrassment.'" *Id.* at 1067-68 (citations omitted).

4      "[A] party may preserve his or her anonymity in judicial proceedings in special

5  circumstances when the party's need for anonymity outweighs prejudice to the opposing party and

6  the public's interest in knowing the party's identity." *Id*. at 1067.  "The Ninth Circuit has

7  identified three circumstances where this may be the case:  (1) when identification creates a risk of

8  retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a

9  matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled

10  to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution."

11  *M.J.R. v. United States*, No. 23-cv-05821-VKD, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14,

12  2023) (citing *Advanced Textile Corp.*, 214 F.3d at 1068).  "When a party fears retaliation, the

13  court balances:  (1) the severity of the threatened harm, (2) the reasonableness of the anonymous

14  parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) the prejudice to the

15  opposing party, and (5) whether the public's interest in the case requires that litigants reveal their

16  identities." *M.J.R.*, 2023 WL 7563746, at *1  (citing *Kamehameha*, 596 F.3d at 1042); *see also*

17  *Advanced Textile Corp.*, 214 F.3d at 1068.

18      In the Motion, Plaintiffs have addressed the relevant factors that support allowing them to

19  proceed pseudonymously in this case, and the Court therefore **GRANTS** Plaintiffs' request to

20  proceed anonymously using pseudonyms.  The Declaration of Irene Liu, Esq., (Dkt. 3-1) fails to

21  support the factual assertions in the Motion and therefore is **STRICKEN** for failure to comply

22  with Civil Local Rule 7-5, which incorporates by reference Federal Rule of Civil Procedure 56(e).

23  In granting the Motion, the Court considers the facts set forth in the Motion as undisputed at this

24  time.  Fed. R. Civ. P. 56(e)(2).  However, Defendants have not yet appeared in this case or had an

25  opportunity to be heard on the issues raised by the Motion.  This order is without prejudice to a

26  later motion by any Defendant seeking to require disclosure of the Plaintiffs' identities.  Unless

27  and until the Court orders otherwise, Plaintiffs may continue to identify themselves in this action

28  using pseudonyms, all filings on the docket may reference Plaintiffs using their pseudonyms, and

no Party may publicly disclose Plaintiffs' identities.

Although the title of the Motion indicates that Plaintiffs also seek a protective order, the Motion does not explain what protection Plaintiffs seek other than the ability to proceed anonymously by pseudonyms.  Accordingly, Plaintiffs motion for a protective order is **DENIED** insofar as it seeks protection that extends beyond the terms set forth in the preceding paragraph.

**SO ORDERED.**

Dated: May 28, 2025

SUSAN VAN KEULEN
United States Magistrate Judge